DMB:MEH:all

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. GREEN,
            Petitioner    :     No. 1:CV-00-1631

           v.              :     (Judge Kane)

JONATHON MINER,
            Respondent    :

## GOVERNMENT'S RESPONSE TO
## THE PETITION FOR WRIT OF HABEAS CORPUS

        This is a habeas corpus petition brought under 28 U.S.C.
§ 2241, by a federal prisoner, James R. Green, who presently is
confined at the Allenwood Federal Prison Camp in Montgomery,
Pennsylvania (FPC Allenwood).  Green is asking this Court to re-
open his federal sentencing proceedings that occurred in the United
States District Court for the Southern District of New York.

        The government maintains that Green cannot raise such a
claim under 28 U.S.C. § 2241, but, rather, he must attempt to raise
his claim under 28 U.S.C. § 2255.  Therefore, the habeas petition
should be dismissed.

### Statement of the Case

        On November 3, 1995, Green was convicted in the United
States District Court for the Southern District of New York of
conspiracy to commit wire fraud, interstate transportation of
stolen goods, mail fraud and conducting financial transactions to
conceal the source of proceeds of illegal activities.  See Green v

United States, 9 F. Supp.2d 413 (S.D. NY 1998) (attached). On March 7, 1996, Green received a sentence of 72 months imprisonment and three years supervised released. The Court also imposed restitution of $450,000.00 and a mandatory special assessment of $850.00. (Green's habeas memorandum, Exh. 1, p. 1). Green appealed his conviction and sentence to the Court of Appeals for the Second Circuit, which affirmed on November 14, 1996. See United States v. Green, 104 F.3d 354 (2d Cir. NY 1996) (attached); Green's Habeas Memorandum, Exh. 1, p. 1.

Green filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the District Court for the Southern District of New York. (Pet., p. 3). In that petition, Green argued ineffective assistance of counsel at all stages of the trial process. On July 8, 1998, Green's § 2255 petition was denied. Green, 9 F. Supp.2d at 415.

On September 11, 2000, Green filed the present habeas petition under 28 U.S.C. § 2241. Again, here Green claims ineffective assistance of counsel at the trial stage, sentencing stage and appeal stage. (Pet., p. 5).

## Question Presented

Should the habeas petition be denied in that Green cannot challenge his sentence by a § 2241 habeas petition?

## Argument

**THE HABEAS PETITION SHOULD BE DENIED IN THAT GREEN CANNOT CHALLENGE HIS SENTENCE BY A § 2241 HABEAS PETITION.**

The government submits that Green cannot raise his sentencing claim in a § 2241 habeas petition. This is so because Congress has mandated that persons like Green, *i.e.*, persons convicted in federal court who challenge their convictions and sentences, are required to do so by filing a motion under 28 U.S.C. § 2255 before the sentencing court. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3rd Cir. 1971); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). As such, Green cannot seek relief under 28 U.S.C. §2241 and this habeas petition should be denied.

**A.   The Statutory Framework For Federal Post-Conviction Relief.**

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, **not** under 28 U.S.C. § 2241. <u>Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>Vial</u>, 115 F.3d at 1194; <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). If a prisoner attempts to challenge his conviction or sentence under

28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction.  <u>Galante</u>, 437 F.2d at 1165.

Thus, § 2255 provides a remedy which is equivalent to that historically available under the habeas writ.  "[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined."  <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962).

The reason for this rule is due to the venue provisions governing § 2241 petitions.  Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This proved unmanageable, however, in that § 2241 habeas petitions are filed in the district where the prisoners are confined.  As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the homes of the witnesses and the records of the sentencing court.  Accordingly, in 1948, Congress enacted § 2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court.  <u>Dorsainvil</u>, 119 F.3d at 249.

4

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 683 (3rd Cir. 1954). The <u>only</u> exception, i.e. when a federal prisoner nevertheless can seek habeas relief under § 2241, is when § 2255 proves "inadequate or ineffective" to test the legality of detention, which exception we address below. 28 U.S.C. § 2255; <u>Davis</u>, 417 U.S. at 343, <u>Dorsainvil</u>, 119 F.3d at 251; <u>Vial</u>, 115 F.3d at 1194.

**B.    AEDPA's Effect on Federal Post-Conviction Relief.**

In 1996, Congress amended § 2255 through the Antiterrorism and Effective Death Penalty Act (AEDPA). One significant change is that prisoners must file their § 2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under § 2255. A second or successive § 2255 motion can be made only if the appropriate court of appeals approves such a motion and then only

5

under very limited circumstances.  28 U.S.C. § 2255; <u>Vial</u>, 115 F.3d at 1194-95.[1]

The Third Circuit addressed the extremely limited availability of a § 2241 motion to challenge a federal conviction in <u>In re Dorsainvil</u>, 119 F.3d 245 (3rd Cir. 1997).  There, the defendant wished to challenge his conviction under 18 U.S.C. § 924(c), after the Supreme Court in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), limited the circumstances under which a person could be convicted of that offense.  The Third Circuit held that the petitioner could not raise this issue in a successive § 2255 petition given the statutory limitations on successive § 2255 petitions.  However, that left Dorsainvil in a position where he may well have been convicted for conduct that was not criminal, with him having no § 2255 remedy.  The Court, while acknowledging that § 2241 "is now reserved for rare cases," 119 F.3d at 250, held

---

[1]  A court of appeals may authorize the filing of a second or successive § 2255 motion only if the prisoner's application contains a claim based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  <u>See also</u> 28 U.S.C. §2244(b)(3).

6

that the remedy of § 2241 consideration applied in Dorsainvil's unique situation.  In so holding, the Circuit relied on <u>Davis v. United States</u>, 417 U.S. 333 (1974), in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his <u>conduct not to be criminal</u>** in order to avoid a complete miscarriage of justice.  119 F.3d at 251.

<u>Dorsainvil</u> continued:

> *We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.* However, allowing someone in Dorsainvil's <u>unusual</u> position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -- is hardly likely to undermine the gatekeeping provisions of § 2255.

<u>Id</u>. at 251 (emphasis added).

Thus, the "inadequate and ineffective" exception of § 2255, known as the "safety-valve" clause or "savings" clause of § 2255, **must** be construed **strictly**.  <u>Dorsainvil</u>, 119 F.3d at 251 (collecting cases).  Section 2255 "is <u>not</u> rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a § 2255 motion...."  <u>In re Vial</u>, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(citations omitted); <u>Dorsainvil</u>, 119 F.3d at 251; <u>Bradshaw</u>, 86 F.3d at 166 (§ 2241 "is

7

not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255"); Leguillou, 212 F.2d at 684; United States v. Walker, 980 F.Supp. 144 (E.D. Pa. 1997). See also Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make § 2255 "inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of § 2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of § 2255 permits a prisoner to turn to § 2241 when prevented from obtaining relief under § 2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a § 2241 action simply when unable to bring a § 2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA - to place limits on federal collateral review").

Thus, the ruling in <u>Dorsainvil</u> does not benefit Green, who has not claimed that he was convicted for conduct that is now recognized as not being criminal. Green's claims here, to the contrary, involve ineffective assistance of counsel at all stages of his trial proceedings. These are the exact claims which Green raised in his previous § 2255 which were denied by the district court.

Presumably Green thinks he can ask this court to re-open his federal sentencing proceedings because he cannot meet one of the gatekeeping requirements of § 2255. As just discussed above, however, <u>see</u> text <u>supra</u> at 6-8, the Third Circuit and other Courts of Appeals have held that merely because a criminal defendant/prisoner cannot meet the gatekeeping requirements of § 2255 does not permit the prisoner to file a § 2241 petition --with such a result eviscerating Congress' recent amendment to § 2255. Thus, Green cannot maintain this § 2241 habeas petition to collaterally challenge his federal sentence.

Additionally, in <u>United States v. Brooks</u>, 230 F.3d 643 (3rd Cir. 2000), the Court of Appeals <u>confirmed</u> that § 2241 may not be used to escape the procedural limitations imposed by the AEDPA. Reviewing the limited number of cases in which a § 2241 petition had been allowed, the Court stated: "Indeed, a common theme is evident in the circuit court opinions addressing the availability of § 2241:  in those cases in which recourse to §2241 is granted,

the petitioner would have no other means of having his or her claim heard." Id. at 648. In Dorsainvil, for example, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to § 2255 to redress the situation. In contrast, where a defendant could have availed himself of § 2255 to address his grievance but is barred due to AEDPA's procedural rules, recourse to §2241 is impermissible. Accordingly, Brooks held that the petitioner could not challenge his conviction in the Court of Appeals under § 2241 simply because AEDPA barred an appeal of the district court's decision as to his § 2255 petition.

Thus, in light of the above, Green cannot bring his sentencing claim in a § 2241 habeas petition but must do so under 28 U.S.C. § 2255. Whether Green's claims may be foreclosed because of the procedural restrictions which Green has thus far failed to satisfy and may not be able to satisfy, does not alter the fact that a writ of habeas corpus under § 2241 is not available in this case. Accordingly, the habeas petition should be dismissed.[2]

---

[2] Should the Court believe that any issues asserted by Green are properly raised in a § 2241 petition, respondent requests that additional time be granted to respond so that the United States Attorney's Office for the Southern District of New York, which prosecuted Green, can prepare a response to the merits of any such issues.

10

## Conclusion

For the above-stated reasons, Green's petition for a writ of habeas corpus should be dismissed.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: March 15, 2001

11

Citation            Search Result        Rank 1 of 12        Databas
9 F.Supp.2d 413                                               DCT
**(Cite as: 9 F.Supp.2d 413)**
**H**

United States District Court,
S.D. New York.
James R. GREEN,
v.
UNITED STATES of America, Respondent.
Nos. 98 Civ. 0090(BDP), 95 CR. 0057(BDP).
July 8, 1998.

 Following conviction for conspiracy to commit wire fraud, interstate
transportation of stolen goods, mail fraud, and conducting financial
transactions to conceal the source of proceeds of illegal activities, petitione
sought to vacate conviction and sentence. The District Court, Parker, J., held
that claims of ineffective assistance of counsel at trial, sentencing and
appellate level failed Strickland test.
 Petition denied.

West Headnotes

[1] Criminal Law ⊜1433(2)
110k1433(2)
       (Formerly 110k997.7)

On petition to vacate conviction and sentence, petitioner could not relitigate
ineffective assistance of trial counsel issue which had been raised and
considered on direct appeal.  U.S.C.A. Const.Amend. 6;  28 U.S.C.A. § 2255.

[2] Criminal Law ⊜1519(13)
110k1519(13)
       (Formerly 110k997.5)

Alleged errors in sentencing guideline computations, relied on by petitioner in
support of his contention that his counsel was ineffective at sentencing, did
not rise to level of constitutional error, a lack of jurisdiction, or an error
of law or fact that constituted a fundamental defect which inherently resulted
in a complete miscarriage of justice, as required to prevail on postconviction
petition.  U.S.C.A. Const.Amend. 6;  28 U.S.C.A. § 2255.

[3] Criminal Law ⊜641.13(1)
110k641.13(1)

Under Strickland, prisoner must show cause and prejudice in order to succeed on
claim of ineffective assistance of counsel.  U.S.C.A. Const.Amend. 6.

[4] Criminal Law ⊜641.13(1)
110k641.13(1)

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

9 F.Supp.2d 413
**(Cite as: 9 F.Supp.2d 413)**

Strickland test, requiring prisoner to show cause and prejudice in order to succeed on a claim of ineffective assistance of counsel, applies to claims of ineffective assistance of appellate as well as trial counsel. U.S.C.A. Const.Amend. 6.

[5] Criminal Law ☜641.13(7)
110k641.13(7)

In effort to show that appellate counsel's failure to raise claims constitutes constitutionally deficient performance, it is not sufficient merely to show that counsel omitted nonfrivolous argument, for counsel does not have duty to advance every nonfrivolous argument that could be made. U.S.C.A. Const.Amend. 6.

[6] Criminal Law ☜1519(1)
110k1519(1)
        (Formerly 110k997.5)

Petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255.

[7] Criminal Law ☜641.13(7)
110k641.13(7)

Appellate counsel's failure to raise various claims was not ineffective assistance, where claims were without merit. U.S.C.A. Const.Amend. 6.
  **\*414** James R. Green, Montgomery, PA, pro se.
  Barbara Guss, Asst. U.S. Attorney's Office, White Plains, NY, for Respondent.

MEMORANDUM and ORDER

PARKER, District Judge.
  By Petition docketed November 14, 1997, James R. Green seeks to vacate his conviction and sentence imposed November 3, 1995 under a multiple count indictment charging him, inter alia, with conspiracy to commit wire fraud, interstate transportation of stolen goods, mail fraud, and conducting financial transactions to conceal the source of proceeds of illegal activities. See 28 U.S.C. § 2255.
  On March 7, 1996, this Court sentenced Green to 72 months in prison followed by three years supervised release. This Court also imposed restitution of $450,000 and a mandatory special assessment of $850. Green appealed his conviction and sentence to the Court of Appeals which affirmed on November 14, 1996.
  In this Petition, Green contends that he received ineffective assistance of counsel at trial, at sentencing, as well as on appeal. However, he fails to meet the test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as he has not shown that his counsel's performance

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

9 F.Supp.2d 413
**(Cite as: 9 F.Supp.2d 413, \*414)**

"fell below an objective standard of reasonableness" or that there is a "reasonable probability" that, but for counsel's error, the outcome would have been different at any stage of the proceedings. Id. at 684, 674, 104 S.Ct. 2052.

[1] This Petition is largely a rehash of the matters that Green raised on direct appeal and which were rejected.    Specifically, the Court of Appeals addressed and rejected Green's claim of ineffective assistance of counsel at trial finding that "Green was convicted on the basis of extensive evidence, including not only testimony of multiple accomplices, but also corroborating testimony by third parties and documentary evidence.    This evidence was compounded by Green's own testimony at trial, which the trial judge characterized as perjurious.    In this context, any errors by Green's trial counsel were harmless." (Slip. Op. at 6) It is well settled in this Circuit that a prisoner may not use a Section 2255 petition "to relitigate questions that were raised and considered on direct appeal," Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir.1995);  Cabrera v. United States, 972 F.2d 23, 2 (2d Cir.1992).

[2] With respect to ineffective assistance of counsel at sentencing, Green's primary contention is not that his sentence exceeded the applicable statutory maximum or was otherwise illegal, rather that the Court misapplied the sentencing guidelines.    Green fails to demonstrate why this matter was not raised on direct appeal.    In any event, it is well settled that a collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction, or an error **\*415** of law or fact that constitutes a fundamental defect which inherently results i a complete miscarriage of justice. Femia v. United States, 47 F.3d 519, 525 (2 Cir.1995);  Lucas v. United States, 963 F.2d 8 (2d Cir.1992).  None of the alleged errors in guideline computations relied on by Green in support of his contention that his new counsel was ineffective at sentencing, considered eithe singly or in the aggregate, meets this standard.  United States v. Bokun, 73 F.3d 8, 12 (2d Cir.1995);  Graziano v. United States, 83 F.3d 587 (2d Cir.1996)

[3][4] Finally, Green claims that his counsel on appeal was ineffective.    In support of this claim he alludes to many of the same issues that his counsel allegedly failed to pursue at trial and at sentencing. Under Strickland, a prisoner must show cause and prejudice in order to succeed on a claim of ineffective assistance of counsel.  Strickland, of course, applies to claims of ineffective assistance of appellate as well as trial counsel.  See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994).

[5][6] In an effort to show that appellate counsel's failure to raise claims constitutes a constitutionally deficient performance, it is not sufficient merely to show that counsel omitted a non-frivolous argument, for counsel does not have a duty to advance every non-frivolous argument that could be made.  Se Jones v. Barnes, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). However, a petitioner may establish a constitutionally inadequate performance i he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.

[7] That test has not been met here as Green has shown neither "cause" nor "prejudice."    Each of the omissions claimed by Green on the part of his

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

9 F.Supp.2d 413
**(Cite as: 9 F.Supp.2d 413, \*415)**

appellate counsel involves issues that are insubstantial or frivolous.
Specifically, Green claims that appellate counsel was ineffective for his
failure to raise six claims.   Since each of them was without merit, appellate
counsel was not ineffective in failing to pursue them.   Specifically (1) co-
conspirator's statements were not improperly admitted;   (2) statements outside
the time of the conspiracy were not properly admitted;   (3) statements by co-
conspirator were not properly admitted;   (4) the calculation of loss and
enhancement for obstruction of justice and more than minimal planning were
proper;   (5) it would have been futile for counsel to seek suppression of
Green's statements to the IRS or dismissal of the count;   and (6) the wire frau
and money laundering convictions were supported by the evidence.   In sum, sinc
appellate counsel did nothing demonstrably improper, Green falls substantially
short of making the showing required by Strickland since he has not shown "that
counsel made errors so serious that counsel was not functioning as the counsel
guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687, 104 S.Ct.
2052.

CONCLUSIONS

 For the reasons set forth herein and in the government's memorandum filed Marc
5, 1998, the Petition, in all respects, is denied.   The Clerk shall file a
final judgment dismissing the Petition.   The Court determines that since any
appeal from the dismissal of this Petition would be meritless, the Court would
decline to issue a Certificate of Appealability.   See 28 U.S.C. 2253(c)(1).
Nor would the Court grant in forma pauperis status.   See 28 U.S.C. § 1915.
 SO ORDERED.
END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Citation                     Search Result        Rank 2 of 6          Databas
104 F.3d 354 (Table)                                                   CTA
**Unpublished Disposition**

(Cite as: 104 F.3d 354,  1996 WL 665719 (2nd Cir.(N.Y.)))

**H**

NOTICE:  THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported
Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules
regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.
UNITED STATES, Appellee,
v.
William E. GREEN, Harold P. Jackman, Joseph Stancil, Defendants,
James R. GREEN, Defendant-Appellant.
No. 96-1185.
Nov. 14, 1996.

Appeal from the United States District Court for the Southern District of New
York (Barrington D. Parker, Jr., Judge).
S.D.N.Y.
AFFIRMED
Domenick J. Porco, Scarsdale, N.Y.
APPEARING FOR APPELLEE:  Barbara Guss, Assistant U.S. Attorney for the Souther
District of New York, New York, N.Y.

PRESENT:  FEINBERG, LEVAL, and Parker, Circuit Judges.

**1 This cause came on to be heard on the transcript of record from the United
States District Court for the Southern District of New York and was argued by
counsel.
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the
judgment of the District Court be and it hereby is AFFIRMED.
James R. Green was convicted after a jury trial in the United States District
Court for the Southern District of New York. The judgment of conviction was
entered on March 11, 1996.   After trial, Green made a motion to set aside the
jury's verdict.   On May 14, 1996, the motion was denied and Green was sentence
to 72 months imprisonment, to be followed by three years of supervised release,
as well as restitution in the amount of $450,000 and a special assessment of
$850.   This appeal followed, challenging the judgment of conviction, the denia
of Green's motion to set aside the verdict, and the restitutionary judgment
imposed at sentencing.
Green was indicted along with two co-defendants on January 18, 1995, on
criminal charges arising from a scheme to steal computer parts from IBM. Green
was charged with, inter alia, conspiracy to commit wire fraud and ship stolen
computer parts in interstate commerce (18 U.S.C. § 371), transportation of
stolen parts in interstate commerce (18 U.S.C. § 2314), wire fraud (18 U.S.C. §

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354,  1996 WL 665719, \*\*1 (2nd Cir.(N.Y.)))**

1343), laundering and conspiring to launder the proceeds of the sales of stolen computer parts (18 U.S.C. § 1956 and 1957), and making false statements to the Internal Revenue Service during its investigation of illegal proceeds from the sale of stolen parts (18 U.S.C. § 1001).  At trial, Green's two co-defendants were acquitted on all counts.  Green was convicted on seventeen of the twenty-two counts against him.

 Green raises three issues on appeal.  First, he challenges various jury instructions given by the district court.  Second, he claims that his counsel's performance at trial was constitutionally deficient, denying him effective assistance of counsel.  Finally, he argues that the district court's restitutionary judgment is invalid because the judge failed to consider Green's ability to pay.  We deal with his arguments in turn.

 I. Jury Instructions

 Green first challenges the jury instructions given by the trial judge.  He contends that the court failed to instruct the jury properly with regard to (i) good faith reliance;  (ii) conscious avoidance;  and (iii) accomplice testimony. In order to succeed in his challenge, Green must show that the disputed instructions, when viewed in the context of the charge as a whole, were prejudicial.  Anderson v. Branen, 17 F.3d 552, 556 (2d Cir.1994).

 Green argues that the good faith defense instructions given by the trial court implied that he was not entitled to a good faith defense.  At the close of the trial, the judge gave jury instructions on the defense of good faith reliance. At the request of counsel for Green's co-defendants, the judge then explained to the jury how the good faith defense would apply to the specific evidence against the two co-defendants.  Green's attorney, however, neither requested nor received specific instructions on how the good faith defense would apply to the evidence against Green.

 **\*\*2** Although Green now argues that specific instructions tailoring the good faith defense to the evidence against him should have been given, he has failed to demonstrate any prejudice caused by the lack of specific instructions.  The trial judge explained to the jury that the good faith defense was applicable to all three defendants.  Given this general instruction, we believe that the lack of specific instructions as to Green was not prejudicial.

 Green additionally argues that the court's instructions on accomplice testimony were prejudicially imbalanced because they did not include instructions to the jury to evaluate the credibility of the accomplices by examining motives to lie and prior false statements.  Cf. United States v. Assi, 748 F.2d 62, 67 (2d Cir.1984).  Our review of the record, however, convinces us that the challenged instructions were proper.  After noting the government's contention that it must "take witnesses as it finds them," the trial judge explained that "accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution."  The judge further emphasized the danger of self-serving accomplice testimony, and charged the jury to evaluate witness credibility accordingly.  The jury was instructed to consider any relationship between a witness and the government in evaluating that witness's testimony. At the request of co-defendants' counsel, the court noted the relevance of prior inconsistent statements in assessing a witness's credibility.  These cautionary statements provided the necessary balance to the court's instructions on

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354,  1996 WL 665719, \*\*2 (2nd Cir.(N.Y.)))**

accomplice testimony.

 Finally, Green contends that the court's instruction on conscious avoidance wa
improper because the trial judge did not limit its application to the counts on
which Green claimed a good faith defense.  Green claims that conscious
avoidance was improperly applied to the interstate transportation and money
laundering counts, where he characterizes his defense theory as one of
unequivocal denial of participation.

 Instructions on conscious avoidance are proper "[w]here a defendant claims lac
of knowledge but the evidence indicates that the defendant may have remained
ignorant deliberately."  United States v. Eltayib, 88 F.3d 157, 170 (2d
Cir.1996).   This requires both that the defendant challenge a specific aspect
of knowledge required for conviction and also that an adequate factual predicat
for the charge exist.  United States v. Civelli, 883 F.2d 191, 194-95 (2d Cir.)
cert. denied, 493 U.S. 966, 110 S.Ct. 409 (1989).

 Despite Green's contentions, the evidence was sufficient to warrant the
conscious avoidance charge on the interstate transportation of stolen property
and money laundering counts.   Green denied knowing that stolen memory cards
were stored in a vehicle in his driveway and in storage units over which he had
control, although his co-conspirators used the property in suspicious
circumstances.   In his summation, Green's counsel argued that his co-
conspirators kept him "out of the loop," and that Green "was unknowingly used a
an instrument to facilitate the crime."   The government, in response, argued
that Green's failure to learn the facts about the illicit agreement between
three co-conspirators to sell stolen computer parts constituted an instance of
"shut your eyes, shut your ears."   Viewed in its entirety, the evidence
presented at trial would have permitted a juror to conclude that Green purposel
avoided learning the nature of the illegal scheme in which he participated.

 II. Ineffective Assistance of Counsel

 **3 Green next argues that his trial counsel's performance was constitutionall
deficient under the standard set forth in Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052 (1984), and requests a new trial. Under Strickland, a
defendant claiming ineffective assistance of counsel must show that (i) his
counsel's performance was objectively unreasonable as judged by prevailing
professional norms, and (ii) but for counsel's ineffectiveness, there is a
reasonable probability that the result of the proceeding would have been
different.  466 U.S. at 687-88, 694, 104 S.Ct. at 2064, 2068.

 To support his ineffective assistance claim, Green points to his trial
counsel's repeated exhortations to the jury that Green could not legally be
convicted on the uncorroborated testimony of accomplices.   Although counsel
emphasized this point during trial and in his closing statement, it is a
misstatement of federal law.   Green also highlights counsel's failure to call
witnesses--allegedly a result of counsel's ignorance that witnesses could be
subpoenaed and produced at government expense--as further evidence of
ineffectiveness.   Finally, Green points to counsel's unsupported allegations a
trial that Green and his co-defendants were being targeted by a racially biased
prosecutor as evidence of ineffectiveness.

 With the exception of trial counsel's allegations of racial bias, all the
errors highlighted here were brought to the attention of the district court in

          Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354, 1996 WL 665719, \*\*3 (2nd Cir.(N.Y.)))**

Green's motion to set aside the jury verdict. After noting the overwhelming evidence of Green's guilt, however, the court below denied the motion. As the court explained, it "did [not] believe that the deficiencies that [Green's new counsel] pointed out ... are deficiencies that in any way would have impacted the result of the trial." After reviewing Green's arguments before this court we must agree.

To the extent that Green's trial counsel made errors in the course of the trial, they were not so prejudicial as to create a reasonable probability that the result of the proceeding would have been different in their absence. Counsel's statement that a defendant could not be convicted on the uncorroborated testimony of accomplices was erroneous under federal law. At trial, however, the government presented extensive corroboration of accomplice testimony, both by testimony of other accomplices and by documentary evidence. In addition, counsel's misstatement of law was, at best, peripheral to Green's theory of defense. Green's main argument was that his alleged accomplices had conspired to frame him, in a desperate attempt to reduce their sentences. Counsel's claim that uncorroborated accomplice testimony was insufficient was just part of his overall attack on the reliability of Green's testifying co-conspirators. Numerous other attacks on the witnesses' credibility were also made and, as it appears, rejected by the jury.

Similarly, trial counsel's failure to call witnesses does not support Green's claim for ineffective assistance of counsel. We note that Green has offered no substantiation for his claim that counsel's decision not to call witnesses was based on the erroneous belief that he had no funds with which to do so, rather than general trial strategy. The decision not to call witnesses is typically a question of trial strategy that appellate courts are ill-suited to second-guess. See, e.g., Trapnell v. United States, 725 F.2d 149, 155 (2d Cir.1983); United States ex rel Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir.), cert. denied, 417 U.S. 972, 94 S.Ct. 3179 (1974). Moreover, Green fails to identify specific witnesses, describe in detail the testimony they might have given, or substantiate the claim that they would in fact testify as proffered. A defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to demonstrate prejudice. See United States v. Vargas, 920 F.2d 167, 169-70 (2d Cir.1990), cert. denied, 502 U.S. 826, 112 S.Ct. 93 (1991).

\*\*4 The sole basis for Green's ineffective assistance of counsel claim not addressed by the trial judge is Green's argument that trial counsel's allegations of prosecutorial racial bias undermined the outcome of trial. Green's claim has no merit. Counsel's use of inflammatory statements was a strategic decision. Ineffective assistance of counsel is not established simply by showing that a strategic decision, viewed in hindsight, was unwise. Strickland, 466 U.S. at 689; 104 S.Ct. at 2065.

Green was convicted on the basis of extensive evidence, including not only the testimony of multiple accomplices but also corroborating testimony by third parties and documentary evidence. This evidence was compounded by Green's own testimony at trial, which the trial judge characterized as perjurious. In this context, any errors by Green's trial counsel were harmless.

III. Restitution Judgment

Green challenges the district court's order that he pay restitution of

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354, 1996 WL 665719, \*\*4 (2nd Cir.(N.Y.)))**

$450,000, payable at 15% of Green's gross monthly income.   Green argues that
the judge failed to consider the factors mandated under 18 U.S.C. § 3664(a)--
"the loss sustained by any victim as a result of the offense, the financial
resources of the defendant, the financial needs and earning ability of the
defendant and the defendant's dependents"--in setting the sum to be repaid.
 Green's argument is meritless.   The trial judge explicitly noted the
requirement under § 3664(a) that he consider relevant statutory factors,
including defendant's financial ability, in setting a restitution amount.
Indeed, the court reduced the amount first set after noting that, "[i]n view of
the financial condition of the defendant that's reflected in the Probation
report, it is extremely unlikely that he could satisfy a restitution amount of
that magnitude."   In addition, the judge provided that monthly payments may no
exceed a small percentage of the defendant's monthly income.   This limitation
took into account the defendant's ability to pay.
 For the foregoing reasons, the decision of the district court is AFFIRMED.
END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

| Citation | Search Result | Rank 2 of 6 | Databas |
|---|---|---|---|
| 104 F.3d 354 (Table) | | | CTA |

**Unpublished Disposition**

(Cite as: 104 F.3d 354, 1996 WL 665719 (2nd Cir.(N.Y.)))
**H**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.
UNITED STATES, Appellee,
v.
William E. GREEN, Harold P. Jackman, Joseph Stancil, Defendants,
James R. GREEN, Defendant-Appellant.
No. 96-1185.
Nov. 14, 1996.

Appeal from the United States District Court for the Southern District of New York (Barrington D. Parker, Jr., Judge).
S.D.N.Y.
AFFIRMED
Domenick J. Porco, Scarsdale, N.Y.
APPEARING FOR APPELLEE: Barbara Guss, Assistant U.S. Attorney for the Souther District of New York, New York, N.Y.

PRESENT: FEINBERG, LEVAL, and Parker, Circuit Judges.

**\*\*1** This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

James R. Green was convicted after a jury trial in the United States District Court for the Southern District of New York. The judgment of conviction was entered on March 11, 1996. After trial, Green made a motion to set aside the jury's verdict. On May 14, 1996, the motion was denied and Green was sentence to 72 months imprisonment, to be followed by three years of supervised release, as well as restitution in the amount of $450,000 and a special assessment of $850. This appeal followed, challenging the judgment of conviction, the denia of Green's motion to set aside the verdict, and the restitutionary judgment imposed at sentencing.

Green was indicted along with two co-defendants on January 18, 1995, on criminal charges arising from a scheme to steal computer parts from IBM. Green was charged with, inter alia, conspiracy to commit wire fraud and ship stolen computer parts in interstate commerce (18 U.S.C. § 371), transportation of stolen parts in interstate commerce (18 U.S.C. § 2314), wire fraud (18 U.S.C. §

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354,  1996 WL 665719, **1 (2nd Cir.(N.Y.)))**

1343), laundering and conspiring to launder the proceeds of the sales of stolen
computer parts (18 U.S.C. § 1956 and 1957), and making false statements to the
Internal Revenue Service during its investigation of illegal proceeds from the
sale of stolen parts (18 U.S.C. § 1001).   At trial, Green's two co-defendants
were acquitted on all counts.   Green was convicted on seventeen of the twenty-
two counts against him.
 Green raises three issues on appeal.   First, he challenges various jury
instructions given by the district court.   Second, he claims that his counsel'
performance at trial was constitutionally deficient, denying him effective
assistance of counsel.   Finally, he argues that the district court's
restitutionary judgment is invalid because the judge failed to consider Green's
ability to pay.   We deal with his arguments in turn.
 I. Jury Instructions
 Green first challenges the jury instructions given by the trial judge.   He
contends that the court failed to instruct the jury properly with regard to (i)
good faith reliance;  (ii) conscious avoidance;  and (iii) accomplice testimony
In order to succeed in his challenge, Green must show that the disputed
instructions, when viewed in the context of the charge as a whole, were
prejudicial.   Anderson v. Branen, 17 F.3d 552, 556 (2d Cir.1994).
 Green argues that the good faith defense instructions given by the trial court
implied that he was not entitled to a good faith defense.   At the close of the
trial, the judge gave jury instructions on the defense of good faith reliance.
At the request of counsel for Green's co-defendants, the judge then explained t
the jury how the good faith defense would apply to the specific evidence agains
the two co-defendants.   Green's attorney, however, neither requested nor
received specific instructions on how the good faith defense would apply to the
evidence against Green.
 **2 Although Green now argues that specific instructions tailoring the good
faith defense to the evidence against him should have been given, he has failed
to demonstrate any prejudice caused by the lack of specific instructions.   The
trial judge explained to the jury that the good faith defense was applicable to
all three defendants.   Given this general instruction, we believe that the lac
of specific instructions as to Green was not prejudicial.
 Green additionally argues that the court's instructions on accomplice testimon
were prejudicially imbalanced because they did not include instructions to the
jury to evaluate the credibility of the accomplices by examining motives to lie
and prior false statements.   Cf. United States v. Assi, 748 F.2d 62, 67 (2d
Cir.1984).   Our review of the record, however, convinces us that the challenge
instructions were proper.   After noting the government's contention that it
must "take witnesses as it finds them," the trial judge explained that
"accomplice testimony is of such a nature that it must be scrutinized with grea
care and viewed with special caution."   The judge further emphasized the dange
of self-serving accomplice testimony, and charged the jury to evaluate witness
credibility accordingly.   The jury was instructed to consider any relationship
between a witness and the government in evaluating that witness's testimony.
At the request of co-defendants' counsel, the court noted the relevance of prio
inconsistent statements in assessing a witness's credibility.   These cautionar
statements provided the necessary balance to the court's instructions on

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354,  1996 WL 665719, \*\*2 (2nd Cir.(N.Y.)))**

accomplice testimony.

 Finally, Green contends that the court's instruction on conscious avoidance wa
improper because the trial judge did not limit its application to the counts on
which Green claimed a good faith defense.  Green claims that conscious
avoidance was improperly applied to the interstate transportation and money
laundering counts, where he characterizes his defense theory as one of
unequivocal denial of participation.

 Instructions on conscious avoidance are proper "[w]here a defendant claims lac
of knowledge but the evidence indicates that the defendant may have remained
ignorant deliberately." United States v. Eltayib, 88 F.3d 157, 170 (2d
Cir.1996).  This requires both that the defendant challenge a specific aspect
of knowledge required for conviction and also that an adequate factual predicat
for the charge exist. United States v. Civelli, 883 F.2d 191, 194-95 (2d Cir.)
cert. denied, 493 U.S. 966, 110 S.Ct. 409 (1989).

 Despite Green's contentions, the evidence was sufficient to warrant the
conscious avoidance charge on the interstate transportation of stolen property
and money laundering counts.  Green denied knowing that stolen memory cards
were stored in a vehicle in his driveway and in storage units over which he had
control, although his co-conspirators used the property in suspicious
circumstances.  In his summation, Green's counsel argued that his co-
conspirators kept him "out of the loop," and that Green "was unknowingly used a
an instrument to facilitate the crime."  The government, in response, argued
that Green's failure to learn the facts about the illicit agreement between
three co-conspirators to sell stolen computer parts constituted an instance of
"shut your eyes, shut your ears."  Viewed in its entirety, the evidence
presented at trial would have permitted a juror to conclude that Green purposel
avoided learning the nature of the illegal scheme in which he participated.

 II. Ineffective Assistance of Counsel

 **\*\*3** Green next argues that his trial counsel's performance was constitutionall
deficient under the standard set forth in Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052 (1984), and requests a new trial. Under Strickland, a
defendant claiming ineffective assistance of counsel must show that (i) his
counsel's performance was objectively unreasonable as judged by prevailing
professional norms, and (ii) but for counsel's ineffectiveness, there is a
reasonable probability that the result of the proceeding would have been
different.  466 U.S. at 687-88, 694, 104 S.Ct. at 2064, 2068.

 To support his ineffective assistance claim, Green points to his trial
counsel's repeated exhortations to the jury that Green could not legally be
convicted on the uncorroborated testimony of accomplices.  Although counsel
emphasized this point during trial and in his closing statement, it is a
misstatement of federal law.  Green also highlights counsel's failure to call
witnesses--allegedly a result of counsel's ignorance that witnesses could be
subpoenaed and produced at government expense--as further evidence of
ineffectiveness.  Finally, Green points to counsel's unsupported allegations a
trial that Green and his co-defendants were being targeted by a racially biased
prosecutor as evidence of ineffectiveness.

 With the exception of trial counsel's allegations of racial bias, all the
errors highlighted here were brought to the attention of the district court in

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354, 1996 WL 665719, **3 (2nd Cir.(N.Y.)))**

Green's motion to set aside the jury verdict. After noting the overwhelming evidence of Green's guilt, however, the court below denied the motion. As the court explained, it "did [not] believe that the deficiencies that [Green's new counsel] pointed out ... are deficiencies that in any way would have impacted the result of the trial." After reviewing Green's arguments before this court we must agree.

To the extent that Green's trial counsel made errors in the course of the trial, they were not so prejudicial as to create a reasonable probability that the result of the proceeding would have been different in their absence. Counsel's statement that a defendant could not be convicted on the uncorroborated testimony of accomplices was erroneous under federal law. At trial, however, the government presented extensive corroboration of accomplice testimony, both by testimony of other accomplices and by documentary evidence. In addition, counsel's misstatement of law was, at best, peripheral to Green's theory of defense. Green's main argument was that his alleged accomplices had conspired to frame him, in a desperate attempt to reduce their sentences. Counsel's claim that uncorroborated accomplice testimony was insufficient was just part of his overall attack on the reliability of Green's testifying co-conspirators. Numerous other attacks on the witnesses' credibility were also made and, as it appears, rejected by the jury.

Similarly, trial counsel's failure to call witnesses does not support Green's claim for ineffective assistance of counsel. We note that Green has offered n substantiation for his claim that counsel's decision not to call witnesses was based on the erroneous belief that he had no funds with which to do so, rather than general trial strategy. The decision not to call witnesses is typically question of trial strategy that appellate courts are ill-suited to second-guess See, e.g., Trapnell v. United States, 725 F.2d 149, 155 (2d Cir.1983); United States ex rel Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir.), cert. denied, 417 U.S. 972, 94 S.Ct. 3179 (1974). Moreover, Green fails to identify specifi witnesses, describe in detail the testimony they might have given, or substantiate the claim that they would in fact testify as proffered. A defendant's conclusory allegations about the testimony of uncalled witnesses ar insufficient to demonstrate prejudice. See United States v. Vargas, 920 F.2d 167, 169-70 (2d Cir.1990), cert. denied, 502 U.S. 826, 112 S.Ct. 93 (1991).

**4 The sole basis for Green's ineffective assistance of counsel claim not addressed by the trial judge is Green's argument that trial counsel's allegations of prosecutorial racial bias undermined the outcome of trial. Green's claim has no merit. Counsel's use of inflammatory statements was a strategic decision. Ineffective assistance of counsel is not established simply by showing that a strategic decision, viewed in hindsight, was unwise. Strickland, 466 U.S. at 689; 104 S.Ct. at 2065.

Green was convicted on the basis of extensive evidence, including not only the testimony of multiple accomplices but also corroborating testimony by third parties and documentary evidence. This evidence was compounded by Green's own testimony at trial, which the trial judge characterized as perjurious. In thi context, any errors by Green's trial counsel were harmless.

III. Restitution Judgment
Green challenges the district court's order that he pay restitution of

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

104 F.3d 354 (Table)
**(Cite as: 104 F.3d 354,  1996 WL 665719, \*\*4 (2nd Cir.(N.Y.)))**

$450,000, payable at 15% of Green's gross monthly income.   Green argues that
the judge failed to consider the factors mandated under 18 U.S.C. § 3664(a)--
"the loss sustained by any victim as a result of the offense, the financial
resources of the defendant, the financial needs and earning ability of the
defendant and the defendant's dependents"--in setting the sum to be repaid.
 Green's argument is meritless.   The trial judge explicitly noted the
requirement under § 3664(a) that he consider relevant statutory factors,
including defendant's financial ability, in setting a restitution amount.
Indeed, the court reduced the amount first set after noting that, "[i]n view of
the financial condition of the defendant that's reflected in the Probation
report, it is extremely unlikely that he could satisfy a restitution amount of
that magnitude."   In addition, the judge provided that monthly payments may no
exceed a small percentage of the defendant's monthly income.   This limitation
took into account the defendant's ability to pay.
 For the foregoing reasons, the decision of the district court is AFFIRMED.
END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. GREEN, | : | |
| Petitioner | : | No. 1:CV-00-1631 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JONATHON MINER, | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 15th day of March, 2001, she served a copy of the attached

### GOVERNMENT'S RESPONSE TO
### THE PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

James R. Green
Reg. No. 81791-054
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

ANITA L. LIGHTNER
Paralegal Specialist

12