**JUDGE'S COPY**

FILED
HARRISBURG, PA

MAY 03 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R GREEN
        PETITIONER

        v

                                    NO. 1:CV-00-1631

                                    JUDGE KANE

JONATHON MINER
        RESPONDENT

PETITIONER'S ANSWER

PETITIONER'S ANSWER TO THE GOVERNMENT'S RESPONSE
TO PETITIONER'S REQUEST FOR WRIT OF HABEAS CORPUS

Comes now James R Green pro.se petitioner in the above style hereby answer's the Government's response to the petitioner's request for a writ of habeas corpus.

The petitioner maintains that he is innocent of the charges inwhich he was convicted and that his trial was a miscarriage of justice thus requiring a new trial.

The government is requesting that the court ignores the multitude of of errors and lack of counsel at the petitiona's trial. To date the petitioner's issues have not been addressed. The Six Amendment guarantee's that all Americans will have the right of a fair trial and adquate counsel. The petitioner's trial makes the adversarial process itself presumptively unreliable, and the trial a MISCARRAGE OF JUSTICE.

The government argues that Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that is in violation of the constitution or federal laws or that is otherwise subject to collateral attack. Section 2255 pertains to a motion by a federal prisoner to vacate set aside or correct his sentence and doesnnot grant Jurisdiction to district court over all post conviction claims, but is limited to those claims attacking the excutiion of the sentence; 28 U.S.C. 2241 is cognizable solely under this section. Wright v U.S. BD of Parole 557 f.2d 74 . Section 2241 habeas corpus lies to test proceedings so fundamentally law less that imprisonment pursuant to them is not merely erroneous but is void and therefore Resjudicata is anapplicable in habeas proceedings. Fay v Noia 83 S.Ct 822,372 U.S. 391 9Led 2d 837(1963).

The government states that the third circuit addressed the extremely limited availability of a 2241 motion to challenge a federal conviction In Dorsainvil,119 F.3d 245(3rd cir. 1997 There the defendant wished to challenge his conviction under 18 U.S.C. 924c after the supreme court in Bailey v United States 516 U.S. 137(1995),limited the circumstances under which a person could be convicted of that offence. The third circuit held that the petitioner could not raise this issue in a successive 2255 petition given the statutory limitations on successive 2255 petitions. Dorsainvil was in a position where he may well have been convicted for conduct that was not cri-

2

minal with him having no 2255 remedy.

As the ruling in Bailey v United States made the petitioner's offense not criminal, Apprendi v New Jersey 120 S.CT 2348 (2000), and Jones v United States 526 U.S. 277 119ct. 1212 (1999), make the petitioner innocent of the offense of the offense that he was sentenced for and at the very least worthy of review. Because the new rulings didnot involve proceedings as to collaterial attack and neither has the Supreme Court expressly stated that the holdings in Apprendi and Jones are retroactive as to collateral review, leaves the petitioner in a position where he is innocent of his conviction and sentence and having no 2255 remedy to correct it. Without Supreme Court guidance new rules of constitutional law for a second and successive 2255 motion cannot be adjudicated as per the (AEDPA).

The court acknowledges that in special cases where a second 2255 motion is unavailable to the petitioner who strongly contends that his sentence is illegal as per the holdings in Apprendi and Jones, a 2241 motion is essential for a federal prisoner in this position to challenge the illegality of his custody, where a 2255 motion would be ineffective and inapplicable, because the new ruling were previously unavailable.

3

The petitioners issues have not been adjudicated and certainly deserves a evidentiary hearing.

For the reasons stated above, the petitioner prays on the court to reject the governments response and grant the petitioner a fair adjudication on his issues.

RESPECTFULLY SUBMITTED

4/29/01

*James R Green*

JAMES R GREEN

88 FRANKLIN ST. Apt. 2
Poughkeepsie NY 12603

(845) 452-1304

4

CERTIFICATE OF SERVICE

I JAMES R GREEN HEREBY CERTIFIES THAT A TRUE COPY OF THE PETITIONER'S ANSWER TO THE GOVERNMENT'S RESPONSE HAS BEEN FORWARD TO THE FOLLOWING.

MATTHEW E HAGGERTY
ASSISTANT U.S. ATTORNEY
228 WALNUT STREET 2ND
FLOOR P.O. BOX 11754
HARRISBURG, PA 17108-1754

RESPECTFULLY SUBMITTED

*[signature]*

JAMES R GREEN

4/29/01