

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. GREEN,  :
    Petitioner  :
        :
v.  :  CIVIL NO. 1:CV-00-1631
        :
JONATHAN C. MINER,  :  (Judge Kane)
        :
    Respondent  :

FILED
HARRISBURG
JUL 1 0 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### ORDER

**Background**

James R. Green, an inmate formerly confined in the Allenwood Federal Prison Camp (FPC-Allenwood), Montgomery, Pennsylvania[1], filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se and in forma pauperis. Named as respondent is Jonathon Miner, warden at FPC-Allenwood.

In his petition, Green indicates that on November 3, 1995, he was convicted in the United States District Court for the Southern District of New York of conspiracy to commit wire fraud, interstate transportation of stolen goods, mail fraud and conducting financial transactions to conceal the source of proceeds of illegal activities. (Doc. No. 1, petition). On March 7, 1996, he received a sentence of 72 months imprisonment. Id. Green appealed his conviction to the United States Court of Appeals for the Second Circuit, which affirmed

---

[1] Petitioner currently resides at 28 Franklin St. Apt. 2, Poughkeepsie, NY.

the conviction on November 14, 1996. <u>United States v. Green</u>, 104 F.3d 354, (2d Cir. NY 1996).

Green filed a motion under 28 U.S.C. §2255 to challenge his conviction. In that petition, Green argues ineffective assistance of counsel at all stages of the trial process. On July 8, 1998, the district court denied the motion. <u>Green v. United States</u>, 9 F. Supp. 2d 413, 415 (S.D. NY 1998).

Green files the instant petition, in which he again claims ineffective assistance of counsel at the trial stage, sentencing stage and appeal stage. (Doc. No. 1, p. 5). Respondent contends that Green is attempting to appeal the ruling of the District Court for the Southern District of New York to this Court and relitigate his claims via a §2241 habeas petition. (Doc. No. 7). A response and traverse having been filed, this matter is ripe for consideration. For the reasons that follow, the petition will be denied.

## Discussion

A federal criminal defendant's conviction is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. <u>E.g.</u>, <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979). In the instant case, Green is clearly challenging his federal conviction.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

2

entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (Emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Lequillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, <u>not a personal inability to utilize it</u>, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986). Moreover, the Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255

3

"supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). In his petition, Green does not indicate in any manner that a § 2255 motion would be inadequate or ineffective as required under Galante.

Moreover, Green's apparent argument that any successive § 2255 petition would be procedurally barred, rendering his § 2255 motion inadequate or ineffective, thereby making a § 2241 petition his only effective form of relief is without merit. At best under the present circumstances Green may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself. See Ruiz v. Fanello, Civil No. 98-0147, slip op. at 4-5 (M.D. Pa. Feb 18, 1998)(Caldwell, J.)(finding that a second § 2255 motion which is procedurally barred by the statute of limitations did not render petitioner's remedy by way of § 2255 motion inadequate or ineffective, but rather, at best demonstrated a personal inability to utilize the § 2255 remedy); Berry v. Lamer, Civil No. 96-1678, slip op at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submissions shall be filed or entertained in his case, did not render his remedy by way of § 2255 motion inadequate or ineffective); Holland v. Harding, Civil No. 95-0870, slip op at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.)(holding that entering into a sentencing agreement wherein the right to challenge

4

the conviction or sentence by direct appeal or by § 2255 motion is waived does not render a § 2255 motion inadequate or ineffective).

Thus, the legislative limitations on successive § 2255 proceedings do not render the remedy either inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction. That Congress did not intend such a result is made manifest by 28 U.S.C. § 2244(a), which provides that no district judge "shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255." As noted above, § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if the § 2255 motion is inadequate or ineffective. The fact that successive § 2255 motions cannot be filed without leave of the appellate court does not render the remedy inadequate or ineffective. Cf. Felker, 116 S.Ct. at 2340(appellate court leave to file second § 2254 petition does not amount to a suspension of the writ of habeas corpus in violation of Article I, § 9 of the Constitution).

Furthermore, in 1996, Congress amended §2255 through the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA

5

codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255. A second or successive §2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. §2255; In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997).

Section 2241 habeas corpus petitions by federal prisoners are "now reserved for rare cases." In re Dorsainville, 119 F.3d 245, 251 (3d Cir. 1997). Green does not state in his petition that he did in fact request permission from the United States Court of Appeals for the Second Circuit for leave to file a successive petition. Thus, there remains the possibility that Green would be granted permission by the Fourth Circuit to file a successive §2255 motion, if appropriate. It is through the Second Circuit that Green must seek relief to further challenge his criminal conviction. See In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999); Enwige v. United States, No. 3:CV-98-0438 (M.D. Pa. Jan. 19, 2000). Therefore, the instant petition must be dismissed.

**NOW, THEREFORE, THIS   DAY OF JULY, 2002, IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is dismissed, without prejudice to any right Green may have to file a § 2255 motion in the United States District Court for the Southern District of New York.

6

    2.    The Clerk of Court is directed to close this case.

                                        _____
                                        YVETTE KANE
                                        United States District Judge

YK:dlb

Case 1:00-cv-01631-YK-DB    Document 13    Filed 07/12/2002    Page 7 of 7